No. 22-11325-F

# In the United States Court of Appeals
## for the Eleventh Circuit

ISRAEL ROSELL,
*for themselves and on behalf of those similarly situated,*
ROBERTO GONZALEZ,
*for themselves and on behalf of those similarly situated,*
*Plaintiffs-Appellants*

v.

VMSB, LLC, a Florida Limited Liability Company, d.b.a. Gianni's,
d.b.a. CASA CASUARINA,
*Defendant-Appellee*

**On Appeal from the United States District Court
for the Southern District of Florida**

**REPLY BRIEF OF PLAINTIFFS-APPELLANTS**

ANGELI MURTHY
ANDREW R. FRISCH
MORGAN & MORGAN, PA
8151 Peters Rd., Suite 4000
Plantation, FL 33324
(954) 318-0268
AMurthy@ForThePeople.com
AFrisch@ForThePeople.com

*Counsel for Plaintiffs-Appellants*

No. 22-11325, *Israel Rosell, et al. v. VMSB, LLC*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1-1, All Plaintiffs/Appellants and Opt-In Plaintiffs/Appellants hereby provide the following list of interested persons and/or parties who may have an interest in the outcome of this appeal:

1. Alcivar, Jose - Member of Collective

2. Ayala, Valentina - Member of Collective

3. Bekkali, Younes  - Member of Collective

4. Berger Singerman LLP, Counsel for Appellee

5. Chow, Allan - Member of Collective

6. Claude, Andre Fafard - Member of Collective

7. Faria, Daniel - Member of Collective

8. Fernandez, Roberto - Member of Collective

9. Frisch, Esq., Andrew R. - Counsel for Appellants

10. Garcia, Rocio Del Moral - Member of Collective

11. Gonzalez, Renzo A. - Member of Collective

12. Gonzalez, Richard - Member of Collective

13. Gonzalez, Roberto - Named Plaintiff/Appellant

14. Kaiser, Tracey - Member of Collective

15. Labrada, Ernesto - Member of Collective

16. Lopez, Milka - Member of Collective

17. Lyles, Sabrina - Member of Collective

18. Mamani, Felicia - Member of Collective

19. Morgan & Morgan, P.A., Counsel for Appellants

20. Murthy, Esq., Angeli - Counsel for Appellants

21. Pallais, Lorie - Member of Collective

22. Ramirez, Jhorvid - Member of Collective

23. Richter, Nestor - Member of Collective

24. Rincon-Duarte, Juan Luis - Member of Collective

25. Rincon, Juan - Member of Collective

26. Rosell, Israel - Named Plaintiff/Appellant

27. Sanchez, Eduardo Martin - Member of Collective

28. Stojanoska, Nikolina - Member of Collective

29. Stojanovski, Ljupcho - Member of Collective

30. Torres, Edwin G. - Magistrate Judge for the Southern District of Florida

31. Trowbridge, Esq., Caitlin M. - Counsel for Appellee

32. Turnbaugh, Katelyn - Member of Collective

33. Vdavenka, Piotr - Member of Collective

34. VMSB, LLC, - Defendant/Appellee

35. Williams, Kathleen M. - District Judge for the Southern District of Florida

36. Zelmanowitz, Esq., Andrew B. - Counsel for Appellee

Respectfully submitted,

/s/ Angeli Murthy
ANGELI MURTHY
ANDREW R. FRISCH
MORGAN & MORGAN, PA
8151 Peters Rd., Suite 4000
Plantation, FL 33324
(954) 318-0268
AMurthy@ForThePeople.com
AFrisch@ForThePeople.com

*Counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

I. Appellants Present Different Facts Than Were Present in *Compere* or *Nelson*, Because Here The Evidence Supports a Finding that The Customer Determined Whether to Leave a Tip, and In What Amount, Indistinguishable, Other Than in Name, From A "Suggested" Gratuity ........................................... 1

II. Appellee is Estopped From Claiming the Amounts at Issue as Anything Other Than Tips, Due to Its Multiple Affirmative Representations Under Oath, From Which It Reaped Substantial Financial Gain ................................................ 4

A. Appellants' Argument Is Timely ..................................................... 4

B. Standard of Review ........................................................................ 5

C. Appellee Is Estopped From Claiming That The Monies At Issue Are Not Tips ................................................................................................. 6

1. Even If Estoppel Did Not Preclude Appellee's Position Altogether, Which It Does, The R&R Wrongly Resolved a Clear Material Factual Issue Regarding the Nature of the Monies at Issue .................................... 6

2. Appellee is Estopped from Claiming the Money Distributed to Appellants Was Anything Other Than Tips ................................................ 8

CONCLUSION ...................................................................................... 15

CERTIFICATE OF COMPLIANCE ....................................................... 16

CERTIFICATE OF SERVICE ............................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*,
    2010 WL 417403 (E.D.N.Y. Jan. 27, 2010) .......................................................9

*Amtrust Inc. v. Larson*,
    388 F.3d 594 (8th Cir. 2004) .................................................................................8

*Baouch v. Werner Enterprises, Inc.*,
    908 F.3d 1107 (8th Cir. 2018) .............................................................................10

*Com. of Pa. v. Aylward*,
    154 F.2d 714 (8th Cir. 1946) ........................................................................ 10, 11

*Comepere, et al. v. Nusret Miami, LLC*,
    28 F.4th 1180 (11th Cir. 2022) ............................................................... 1, 2, 3, 6

*Dormeyer v. Comerica Bank-Illinois*,
    223 F.3d 579 (7th Cir. 2000) ...............................................................................13

*Duty v. Norton-Alcoa Proppants*,
    293 F.3d 481 (8th Cir. 2002) ...............................................................................12

*Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*,
    420 F.3d 1317 (11th Cir. 2005) .............................................................................5

*Hedges v. Dixon Cnty.*,
    150 U.S. 182 (1893) .............................................................................................11

*Holland v. Florida*,
    560 U.S. 631 (2010) ....................................................................................... 11, 12

*Josendis v. Wall to Wall Residence Repairs, Inc.*,
    662 F.3d 1292 (11th Cir. 2011) .............................................................................5

*Kosakow v. New Rochelle Radiology Assocs.*,
    274 F.3d 706 (2d Cir. 2001) ...............................................................................13

*Mahoney-Buntzman v. Buntzman*,
    12 N.Y.3d 415, 909 N.E.2d 62 (N.Y. 2009)...........................................................9

*Martin v. Brevard Cnty. Pub. Sch.*,
    543 F.3d 1261 (11th Cir. 2008) ...........................................................13

*McBride v. T & A Citrus Cty.*,
    2014 WL 6679289 (M.D. Fla. July 9, 2014) ...........................................................7

*McBride v. T & A of Citrus Cty., Inc.*,
    2014 WL 12589352 (M.D. Fla. June 24, 2014) ...........................................................7

*Meyer v. Ins. Co. of Am.*,
    1998 WL 709854 (S.D.N.Y. Oct. 9, 1998)...........................................................7, 10

*Minard v. ITC Deltacom Communications, Inc.*,
    447 F.3d. 352 (5th Cir. 2006) ...........................................................12

*Naghavi v. N.Y. Life Ins. Co.*,
    260 A.D.2d 252, 688 N.Y.S.2d 530 (1st Dep't 1999)...........................................................10

*Nelson, et al. v. MLB Hotel Manager, LLC*,
    2022 WL 2733720 (11th Cir. July 13, 2022) ........................................... 1, 2, 3, 6

*New Hampshire v. Maine*,
    532 U.S. 742 (2001)...........................................................14

*Preferred Sites, LLC, v. Troup Cnty.*,
    296 F.3d 1210 (11th Cir. 2002) ...........................................................5

*Prusin v. Canton's Pearls, LLC*,
    2017 WL 5126156 (D. Md. Nov. 6, 2017)...........................................................7

*Quinn v. Aero Servs.*,
    172 F.2d 157 (9th Cir. 1949) ...........................................................10

*Shah v. Gen. Motors Corp.*,
    2008 WL 4585237 (E.D. Mich. Oct. 14, 2008)...........................................................8

iii

*United States v. Babcock*,
  924 F.3d 1180 (11th Cir. 2019) ............................................................4, 5

*Woodford v. Community Action of Greene County, Inc.*,
  268 F.3d 51 (2d Cir. 2001) .....................................................................13

**Statutes**

26 U.S.C. § 6065 ...........................................................................................6

**Regulations**

29 C.F.R. § 531.55 ....................................................................................3, 12

Appellee argues that, under *Compere*, the Court must find that the payments at issue in this case are service charges, and not tips, even if Appellee expressly and repeatedly claimed those amounts as tips, *under oath*, in sworn tax filings, and reaped the resulting financial benefit. This was an argument not addressed by the *Compere* court.[1] Thus, contrary to Appellee's contention, this case is distinguishable from *Compere*, and *Compere* does not dictate the result here. Furthermore, this case is factually distinguishable from *Compere*, because here the evidence demonstrates that the customer and not Appellee determined whether to leave a tip and in what amount. For each of these reasons, an opposite conclusion must prevail here.

## I. Appellants Present Different Facts Than Were Present in *Compere* or *Nelson*[2], Because Here The Evidence Supports a Finding that The Customer Determined Whether to Leave a Tip, and In What Amount, Indistinguishable, Other Than in Name, From A "Suggested" Gratuity

Appellee insists that this case is factually identical to *Nelson* and *Compere*. It is not. In both of those cases, it was undisputed that while the service charge was initially included, managers had the *discretion* to remove the tip if a customer was unhappy. Here, Appellants have identified an important distinction. Specifically,

---

[1] The *Compere* court did not have the sworn tax returns before it, and its *dicta* regarding the relevance of the employers' representations in that case (or lack thereof) did not address the estoppel argument Appellants present here.

[2] *Comepere, et al. v. Nusret Miami, LLC*, 28 F.4th 1180 (11th Cir. 2022); *Nelson, et al. v. MLB Hotel Manager, LLC*, 2022 WL 2733720 (11th Cir. July 13, 2022).

in the case at bar Appellee's managers *lacked* discretion over the service charge when a customer did not want to pay. Rather, if the customer directed that the gratuity at issue be reduced or removed, the manager had to do so. Opening Brief ("Op. Br.") at ECF pp.15-17, ¶¶ 6-9, 11, and ECF p. 31 (citing Appellant Gonzalez's averment that Captain Gabriel Scocco told him: "What can I do? They are complaining and I have to remove it."). This fact is fatal to Appellee's argument that the service charge was mandatory, and lays bare the reality that the amount functioned merely as a suggested service charge – an amount which, by law, must be classified as a tip.

Appellants presented voluminous evidence, based on first-hand knowledge from both Appellee's and Appellants' witnesses, that service charges were always removed or reduced when so directed by a customer. *See id*. While both the *Nelson* and *Compere* courts held that initial inclusion of the service charge amount rendered same not a "tip," where the facts demonstrated that the decision of whether to remove same was left to the employer's managers, this case presents a materially different factual scenario.

Appellee's urged application of *Compere* blind to a *de facto* policy which left the amount of the service charge, and whether to pay it at all, firmly in the hands of the customer (even if removal, as with a pre-included suggested gratuity could only be affected by a manager) renders meaningless the important distinction between a

2

mandatory service charge and pre-included suggested gratuity, as defined by the law. Contrary to Appellee's urging, the letter and spirit of the FLSA and its implementing regulations, require a case-by-case analysis, in order to preserve the distinction between suggested gratuities and mandatory service charges, and protect employees from overreaching employers, as the FLSA intends.

As Appellants point out in their opening brief, if a "service charge" was added to every check, but also removed on every single check because customers could, and did, decide they did not want to pay the amount, same could not be said to be a compulsory service charge just because it was added onto the check in the first instance. *See* 29 C.F.R. § 531.55. So, too, here. There is testimony in this case that **<u>every single time</u>** a customer demanded removal of the amount, it was removed. Thus, here, the customer was unquestionably the ultimate dictator of whether the charge would be paid, and in what amount. Unlike in *Compere* or *Nelson*, here the managers ***lacked*** discretion to say no to any customer directive in this regard. *See* Op. Br. at ECF pp.15-17, ¶¶ 6-9, 11, and ECF p. 31.[3]

---

[3] Appellee's argument that a finding that the service charge was optional would require a finding that the customers believed the sales tax was optional is a red herring, and actually proves Appellants' point. The customers clearly did not believe taxes were optional, because same were never removed. There is no evidence that any manager had the ability or authority to remove sales tax based on a customer directive. This is, of course, because sales tax – unlike the service charge at issue – was actually compulsory.

At the very least, based on these facts, a reasonable jury could find that the amount functioned as a suggested gratuity (undisputedly a tip), rather than a mandatory service charge, and this issue of fact must be decided at trial, rather than at summary judgment. For this reason, the District Court's decision to grant summary judgment was in error and due to be reversed.

## II. Appellee is Estopped From Claiming the Amounts at Issue as Anything Other Than Tips, Due to Its Multiple Affirmative Representations Under Oath, From Which It Reaped Substantial Financial Gain.

### A.    Appellants' Argument Is Timely

As an initial matter, Appellee has acknowledged that that "the factual allegations" supporting the estoppel argument and substance of same were included in Plaintiff's initial Motion for Summary Judgment. D.E. 156 at p. 8. It nonetheless argues that "legal theory" was not raised by Appellants (by name) until Appellants filed their Objection. *Id*. Contrary to Appellee's implicit argument, Appellants were not required to use the magic word "estoppel" in order to preserve arguments founded in an estoppel theory. *See United States v. Babcock,* 924 F.3d 1180, 1195 (11th Cir. 2019) ("magic words" not required to plead a theory or make an argument, if the basis for same is articulated).

Here, as in *Babcock*, Appellee acknowledges that Appellants advanced the substance of their estoppel argument in their initial Motion for Summary Judgment, whether labeled as such or not.  As such, the binding precedent of this Court dictates

4

that the estoppel argument was properly before the District Court. *See id.* Indeed, Appellee concedes that the District Court declined to hold that the argument was not timely raised or properly before it.  Appellee's Answer Brief ("Ans. Br.") at ECF p. 27, fn 13.

**B.    <u>Standard of Review</u>**

Appellee urges the Court to review the District Court's ruling on the estoppel argument under and "abuse of discretion" or "clearly erroneous" standard. *See* Ans. Br. at ECF pp. 20-21. Appellee's argument regarding the legal standard is due to be rejected, because all Parties agree that only factual findings are subject to the clearly erroneous standard, whereas issues of law are reviewed *de novo*. *Id.*  Here, neither the Magistrate Judge nor the District Court Judge made any factual findings at all with respect to the estoppel argument, or gave any indication that the issue was considered at all.  As such, this Court should review *de novo* the issue of law as to whether equitable estoppel applies in this context.  *See Preferred Sites, LLC, v. Troup Cnty.*, 296 F.3d 1210, 1220 (11th Cir. 2002).[4]

---

[4] While a decision to grant or deny equitable relief is reviewed for abuse of discretion, here the District Court made no findings which would permit this Court to determine whether it made any decision regarding equitable relief at all and, if it did, whether same was influenced by a "mistake of law" or is an "error of judgment" or an application of the wrong legal standard. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1327 (11th Cir. 2005).

**C.    Appellee Is Estopped From Claiming That The Monies At Issue Are Not Tips.**

Estoppel precludes Appellee from claiming a benefit based on the amounts at issue not being classified as "tips," where such position Appellee has staked out here directly contradicts repeated averments in its sworn Federal tax filings in *every year* at issue here, and Appellee benefited—to the tune of hundreds of thousands of dollars—by characterizing the amounts as employees' tips (and not its income) the amounts it now seeks to classify as income (and not employee tips).

**1.    Even If Estoppel Did Not Preclude Appellee's Position Altogether, Which It Does, The R&R Wrongly Resolved a Clear Material Factual Issue Regarding the Nature of the Monies at Issue.**

Appellee does not deny that, unlike *Compere* and *Nelson*, where there was no evidence of the employer's prior affirmative representations that the monies at issue were employee tips[5], here it affirmatively and under oath claimed the monies at issue as employee-owned tips in multiple years of tax filings.

IRS regulations require that a tax return contain, or be verified by, a signed declaration by the taxpayer that it is made under the penalties of perjury. *See, e.g.,* 26 U.S.C. § 6065 ("any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain

---

[5] In *Compere* and *Nelson*, the parties focused on the issue of whether the monies at issue were recorded in gross receipts, *not* whether there was an affirmative representation that the monies were properly classified as tips.

or be verified by a written declaration that it is made under the penalties of perjury"). By signing its 2016, 2017, 2018 and 2019 Federal tax returns, VMSB declared all statements contained therein to be true under penalty of perjury. Accordingly, the Court should rely on VMSB's Federal tax returns as a true representation of those facts, as other courts have done under similar circumstances. *See, e.g., Meyer v. Ins. Co. of Am.,*1998 WL 709854, at *8 (S.D.N.Y. Oct. 9, 1998) ("By signing her 1992 tax return, Meyer declared all statements contained therein to be true under penalty of perjury. The Court, accordingly, relies on Meyer's 1992 tax return as a true representation of those facts."); *Prusin v. Canton's Pearls, LLC,* 2017 WL 5126156, at *8 (D. Md. Nov. 6, 2017) ("the fact that defendants recorded [ ] gratuities as if they were voluntary tips for employee tax withholding purposes, while simultaneously failing to record those same charges as part of [its] gross receipts for tax purposes, clearly indicates that they were at all times viewed as income solely of the employee not the employer."); *see also McBride v. T & A of Citrus Cty., Inc.,* 2014 WL 12589352, at *4 (M.D. Fla. June 24, 2014) ("[A]s the Eleventh Circuit has done, this Court should consider… whether labor costs are accurately accounted for on the tax returns…") (discussing the import of Appellee-employer's Federal tax filings in the context of FLSA coverage), *report and recommendation adopted sub nom. McBride v. T & A Citrus Cty.*, 2014 WL 6679289 (M.D. Fla. July 9, 2014)

(further citation omitted).[6]  Likewise, Appellee's categorization of the amounts at issue—at least the 90% of the "service charges" it did not retain—as employee-owned tips on both employees' W2's and on their paystubs, at the very least creates an issue of fact as to their true nature.  Inasmuch as Appellee repeatedly previously swore under oath that the amounts at issue were employee tips and ***not*** taxable service charges which became part of its gross receipts, issues of fact preclude summary judgment in its favor on the issue of whether the amounts at issue were in fact tips or service charges.

### 2. Appellee is Estopped from Claiming the Money Distributed to Appellants Was Anything Other Than Tips.

Appellee's substantive arguments against the application of estoppel do not fare any better.  Alternatively referred to as "tax estoppel" or "equitable estoppel" or "judicial estoppel" or "quasi-estoppel," a multitude of courts have held that a party is estopped from contradicting sworn statements it submits to the IRS in its Federal tax returns in later litigation.  *See Amtrust Inc. v. Larson*, 388 F.3d 594, 601 (8th Cir. 2004) ("Various courts have applied 'quasi-estoppel' to estop parties from asserting a position in judicial proceedings different than what was reported on their income

---

[6] *See also Shah v. Gen. Motors Corp.,* 2008 WL 4585237, at *3-4 (E.D. Mich. Oct. 14, 2008) (relying on Federal tax returns, in part, to sustain private plan administrator's ruling against plaintiff-filer where representations to plan contradicted those in Federal tax returns).

tax returns."); *see also Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.,* 2010 WL 417403, at *14 (E.D.N.Y. Jan. 27, 2010) ("Courts have regularly found that quasi-estoppel bars a party from adopting a factual position in court that is contrary to a position previously taken on a tax return.") (collecting cases); *Mahoney-Buntzman v. Buntzman,* 12 N.Y.3d 415, 422, 909 N.E.2d 62, 66 (N.Y. 2009) ("We cannot, as a matter of policy, permit parties to assert positions in legal proceedings that are contrary to declarations made under the penalty of perjury on income tax returns.").

Appellee argues that Appellants fail to satisfy the technical prerequisites for application of any estoppel theory here.  Specifically, Appellee's argue that estoppel cannot be applied here because: (1) Appellee's filing of an income tax return does not constitute a judicial or quasi-judicial legal proceeding; (2) Appellants had no interest or privity in Appellee's Federal tax filings; (3) estopping Appellee in equity would yield a result contrary to law; and (4) Appellants were not harmed by Appellee's conduct.[7] Each argument fails.

---

[7] Below, Appellee also argued that it did not intend to make any contradictions to any taxing authority, on the one hand, and this Court or Appellants, on the other hand [D.E. 156, at ECF p. 10].  Apparently recognizing the patent absurdity of this position, it has abandoned that argument here. The intentional and opposite representations, under oath and in different fora, is exactly the mockery of the judicial system that estoppel is intended to prevent.

Despite Appellee's representations otherwise, courts have repeatedly applied estoppel in starkly similar circumstances. For example, while Appellee contends that privity is required for application of quasi estoppel there are numerous examples where courts have applied estoppel in a private lawsuit where the party asserting estoppel was neither a party nor beneficiary of the other party's tax return. *See Meyer, supra* (plaintiff estopped from claiming, in court proceeding against private insurance carrier, entitlement to disability benefits for inability to work where she previously reported on income tax that she was employed full-time); *see also Naghavi v. N.Y. Life Ins. Co.,* 260 A.D.2d 252, 252, 688 N.Y.S.2d 530 (1st Dep't 1999) (plaintiff estopped from claiming that his annual income for certain years exceeded $100,000 in order to avail himself of the Appellee's insurance policy, because he claimed on his Federal tax returns that his income was less than $16,000 in the same years).

Furthermore, courts have long held that the filing of tax returns constitutes a quasi-judicial proceeding, in light of the procedures in place which provide for administrative review. *See Baouch v. Werner Enterprises, Inc.,* 908 F.3d 1107, 1113 (8th Cir. 2018) (noting in context of a wage and hour case that quasi-estoppel could apply based on sworn tax return in wage and case, but declining to apply it because the statements in the tax returns were not contrary to the representations/positions taken in court); *Quinn v. Aero Servs.,* 172 F.2d 157, 161 (9th Cir. 1949); *Com. of*

*Pa. v. Aylward,* 154 F.2d 714, 717 (8th Cir. 1946) ("The taxing authorities functioned in a quasi-judicial manner. Hearings were provided for and the procedure was adequate under the requirements of due process. The duties of these authorities were not merely ministerial."). While some courts have applied the doctrine to situations where privity existed, there is no hard and fast rule that same is required.[8]

Nor does holding Appellee accountable for its prior sworn statements yield a result contrary to law. As an initial matter, the 1893 Supreme Court case Appellee cites dealt with a contract which was void as a matter of law, and which the Court determined it could not revive by equitably re-writing the terms of the contract and then enforcing them. *See Hedges v. Dixon Cnty.*, 150 U.S. 182, 189 (1893). The more recent Supreme Court authority Appellee cites, *Holland v. Florida*, by contrast, acknowledges that equity must be applied to allow for "flexibility" and to avoid rote application of "mechanical rules." 560 U.S. 631 at 649-50 (2010). In *Holland*, even though a statutory provision would have dictated that the appeal at issue was untimely, the Supreme Court reversed the Eleventh Circuit's denial of the appeal on this basis, holding that equitable principles dictated that the statute ***not be*** rigidly applied. *Id.* While equity does not ignore statutes, the Supreme Court observed that

---

[8] Nor are Appellants "strangers" to Appellee's tax treatment of the monies at issue. Not only did Appellee report those monies as tips in its own tax returns, it also submitted them as tips in employee paystubs and W-2s provided to Appellants. Op. Br. at ECF p. 18, at ¶ 13.

any analysis must take into account "how equity should be applied once the statute is recognized." *Id.* at 651.

Here, there exists no statute that dictates that the amounts in question must be treated as a service charge for purposes of application of the FLSA. Rather, the answer to the question of whether the amounts in question are tips is inherently a question of fact, impacted by whether the amounts in question were a mandatory or suggested charge, and whether or not the amounts became part of the employer's gross receipts. 29 C.F.R. § 531.55. This analysis, in turn, is necessarily impacted by how Appellee characterized those amounts, particularly where it made such characterizations under oath, and benefited from such characterizations. Courts have applied similar principles in finding employers covered by the Family Medical Leave Act ("FMLA"), even where FMLA coverage would not be applicable under the statute itself, finding that "an employer who without intent to deceive makes a definite but erroneous representation to his employee that she is an 'eligible employee' and entitled to leave under the FMLA, and has reason to believe that the employee will rely upon it, may be estopped to assert a defense of non-coverage, if the employee reasonably relies on that representation and takes action thereon to her detriment." *See Minard v. ITC Deltacom Communications, Inc.,* 447 F.3d. 352, 359 (5th Cir. 2006); *see also Duty v. Norton-Alcoa Proppants,* 293 F.3d 481 (8th Cir. 2002)(affirming district court's application of equitable estoppel in FMLA

12

case); *Kosakow v. New Rochelle Radiology Assocs.,* 274 F.3d 706 (2d Cir. 2001) (affirming district court's decision to estop employer from affirmatively challenging employee's FMLA eligibility when employer's unintentional misleading behavior caused employee to rely on approved leave); *Woodford v. Community Action of Greene County, Inc.,* 268 F.3d 51, 57 (2d Cir. 2001) (stating, in dicta, equitable estoppel applies where employer affirmed FMLA eligibility and, later, seeks to deny it); and *Dormeyer v. Comerica Bank-Illinois,* 223 F.3d 579, 582 (7th Cir. 2000)(recognizing, in dicta, a district court's ability to estop employers from contesting eligibility where the employer's words misled employee into believing they were eligible).[9]   In line with this authority, it is clear that there is no legal bar to estopping Appellee from disavowing its prior sworn representations that the amounts at issue are tips.

Finally, Appellee's argument that Appellants have not been harmed misses the mark.  Notably, Appellee argues that Appellants were not harmed by the position

---

[9] The Eleventh Circuit has not ruled on whether equitable estoppel can apply in the FMLA context, but has not foreclosed the possibility.  *Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1266 (11th Cir. 2008) ("even if we adopted the estoppel doctrine in the FMLA context—an issue on which we say nothing—Martin could not invoke it in this case").  Appellants do not seek to invoke equitable estoppel here, and rely instead on judicial or quasi-estoppel, but cite the FMLA cases above only to demonstrate the propriety of applying equitable principles in the face of statutory language which may call for a different result, if the elements for invocation of principles of equity are met, as here.

Appellee took on its tax returns. Ans. Br. at ECF p. 38. This ignores that the relevant inquiry is "whether the party asserting the inconsistent position would gain an unfair advantage, **_or_** the opposing party would suffer an unfair detriment, if the asserting party were not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (emphasis added). Thus, whether Appellants were harmed by Appellee's initial position is of no moment. There is no question that Appellants would be harmed by allowing Appellee to take a subsequent inconsistent position now. On the one hand, Defendant represented to the IRS, on at least 4 occasions, under oath, that the amounts at issue distributed to Plaintiffs were employee *tips*. However, its entire defense to Appellants' minimum wage claims here is predicated on its argument that the very same monies were ***not tips***. Allowing Appellee to disavow its prior position, which was advantageous to Appellee at the time, and would be to Appellants' advantage now, to adopt a contrary position which deprives Appellants' of their rightful wages, is a clear and severe harm. Appellee has used its shifting positions to increase its bottom line by hundreds of thousands of dollars. It should be estopped from doing a complete about face in this litigation, to deprive Appellants of the benefits of their work under the FLSA.

14

## CONCLUSION

For the foregoing reasons, and those set forth in Appellants' Opening Brief, the District Court's Order granting summary judgment for Appellee should be reversed.

Respectfully submitted,

/s/ Angeli Murthy
ANGELI MURTHY
ANDREW R. FRISCH
MORGAN & MORGAN, PA
8151 Peters Rd., Suite 4000
Plantation, FL 33324
(954) 318-0268
AMurthy@ForThePeople.com
AFrisch@ForThePeople.com

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 32(g) because it contains 3,653 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). I further certify that the attached brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 14-point Times New Roman font.

/s/ Angeli Murthy
ANGELI MURTHY
ANDREW R. FRISCH
MORGAN & MORGAN, PA
8151 Peters Rd., Suite 4000
Plantation, FL 33324
(954) 318-0268
AMurthy@ForThePeople.com
AFrisch@ForThePeople.com

*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit on October 21, 2022 using CM/ECF, which then served such filing upon the following registered counsel of record for Defendant-Appellee:

Andrew Zelmanowitz
Caitlin Marie Trowbridge
Berger Singerman, LLP
201 E. Las Olas Blvd., Suite 1500
Fort Lauderdale, FL 33301
(954) 525-9900
azelman@bergersingerman.com
ctrowbridge@bergersingerman.com